**IN THE COURT OF APPEALS OF IOWA**

No. 15-1178
Filed October 14, 2015

**IN THE INTEREST OF M.C.,**
**Minor Child,**

**R.R.L.C., Father.**
**Appellant.**

_____

Appeal from the Iowa District Court for Clarke County, Monty W. Franklin, District Associate Judge.

A father appeals the termination of his parental rights to his child, born in 2008. **AFFIRMED.**

Stephen P. Dowil of Booth Law Firm, Osceola, for appellant father.

Thomas J. Miller, Attorney General, Janet Hoffman, Assistant Attorney General, and Michelle Rivera, County Attorney, for appellee State.

Carol A. Clark, Lamoni, for appellee Mother.

Michael A. Beal, Grimes, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2008. He contends (1) the State failed to prove the grounds for termination, (2) termination was not in the child's best interests, and (3) the district court should have declined to terminate his rights based on the bond he shared with the child.

*I.* The district court terminated the father's parental rights pursuant to several statutory grounds. On our de novo review, we conclude termination was warranted pursuant to Iowa Code section 232.116(1)(f) (2015), which requires proof of several elements including proof that the child could not be returned to the parent's custody. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) (stating we may affirm if we find clear and convincing evidence to support any of the grounds cited by the district court).

The Department of Human Services became involved with the family after the father consumed methamphetamine and threatened to excise bad thoughts from his head, using a knife. The child was at home during the incident. He was removed from the home following the incident.

At the time of the termination hearing, the father was in jail awaiting trial on two charges of first-degree murder in an unrelated case. He was not in a position to care for child at the time of the termination hearing or in the imminent future.

*II.* Termination must be in the child's best interests. *In re P.L.*, 778 N.W.2d 33, 37-38 (Iowa 2010). There is no question it was. The child expressed fear of his father and regressed in his behaviors at the mere mention of

reunification. While a behavioral health therapist who treated the father opined he was ready to see the child, the converse was not true. The father severely compromised the child's safety by wielding a knife while high on methamphetamine, continuing to use drugs following the child's removal, and failing to participate in services to address his addiction and mental health. Termination of his parental rights was the best option for the child.

*III.* The father also contends the district court should have declined to terminate his parental rights based on the parent-child bond. Any bond between father and child was based on fear. The child's therapist testified to the trauma he saw in the child and even the father's therapist stood by an earlier statement admonishing the department to exercise caution in allowing contact between parent and child.

We affirm the district court's termination of the father's parental rights to the child.

**AFFIRMED.**